**KIMMCO ENERGY CORP., et al., Plaintiffs,**

**v.**

**William and Ruth JONES, Defendants,**

**and**

**Aaron Diamond, et al., Nominal Defendants.**

**No. 83 Civ. 8504 (CBM).**

United States District Court, S.D. New York.

Dec. 20, 1984.

---

Rosenman, Colin, Freund, Lewis & Cohen by Jeffrey L. Braun, Jan G. Zager, New York City, for plaintiffs.

Willkie, Farr & Gallagher by Louis A. Craco, Brian E. O'Connor, Eric S. Hutner, New York City, for defendants.

## OPINION

MOTLEY, Chief Judge.

This action arises out of fraud allegedly perpetrated on two investment partnerships by their managing partner and his wife. Plaintiffs, Kimmco Energy Corp. ["Kimmco"] and Peter and Elbrun Kimmelman, have brought this suit, individually and derivatively, on behalf of one of the partnerships against defendants William and Ruth Jones. Because this suit is brought derivatively, the remaining members of the partnership are named as nominal defendants to the suit. Defendants, pursuant to Fed.R.Civ.P. 12(b)(1), (6), move to dismiss this action.

FACTS

Plaintiffs and the Jones defendants were involved with two investment partnerships. The partnerships were created to purchase oil and gas leaseholds with the intention of holding those leaseholds for future resale. The first partnership, the William Jones Leasehold Partnership ["WJLP"], was created in April, 1981. According to plaintiffs, during the summer and fall of 1981, William Jones allegedly misrepresented a number of significant facts about this partnership's activities, including the purchase price for the oil and gas leaseholds, the actual value of the property and the interest expressed by potential purchasers of the leaseholds. Plaintiffs further assert that the apparent success of this initial

venture led them, in November, 1981, to create and invest in a second partnership with identical objectives, the Jones-Kimmco Leasehold Partnership ["JKLP"]. Subsequently, Jones is alleged to have made substantial misrepresentations about JKLP's activities after that partnership had been formed. As a result of these alleged misrepresentations concerning both partnerships, plaintiffs claim that they have paid too much for property which they have little prospect of selling at a profit. In addition, the partnership's capital has been depleted and the partnership may not be able to afford to maintain its other leasehold interests.

Plaintiff has brought this action alleging three federal and nine pendent state claims. The federal claims consist of two claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. sections 1961, et seq. ["RICO"], and one claim under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. section 78j(b), and Rule 10b–5, 17 C.F.R. section 240.10b–5. The Securities Act claim pertains only to the investments in the second partnership. The parties have stipulated to drop the RICO claims in light of the Second Circuit decisions of *Furman v. Cirrito*, 741 F.2d 524 (2d Cir.1984), *Bankers Trust v. Rhoades*, 741 F.2d 511 (2d Cir.1984) and *Sedima, S.P.R.L. v. Imrex Co.*, 741 F.2d 482 (2d Cir.1984) which set forth the prerequisites for imposing civil liability under RICO.

Plaintiff Kimmco, a general partner in the partnership acknowledges that it is not a party to the Rule 10b–5 action, but asserts that this court should exercise its pendent party jurisdiction so as to enable it to seek relief in this court on its state law causes of action. Defendants argue that since Kimmco has no federal cause of action, its action should be brought in state court rather than this federal court.

Defendants also have moved to dismiss this action on the grounds that the plaintiffs have failed to state a cause of action. Defendants argue that the alleged misrepresentations by defendants did not arise "in

connection with" the purchase or sale of any security. Plaintiffs argue that defendants, by their misrepresentations concerning the first partnership, fraudulently induced them to invest in the second partnership.

For the following reasons, defendants' motion to dismiss the complaint is granted without prejudice to the filing of an amended complaint. Since there are no federal causes of action, it is not necessary for this court to consider whether it has pendent party jurisdiction as to plaintiff's Kimmco claims.

## SECTION 10(b) AND RULE 10b–5 AND THE "IN CONNECTION WITH" REQUIREMENT

Section 10(b) of the Securities Exchange Act of 1934 proscribes the use or employment

> *in connection with the purchase or sale of any security* registered on a national securities exchange or any security not so registered, of any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C. section 78j(b) (emphasis added) ["Section 10(b)"]. Rule 10b–5 provides:

> It shall be unlawful for any person, directly or indirectly, by use of any means or instrumentality of interstate commerce, or of the mails or of any facility of national securities exchange,
>
> (a) To employ any device, scheme or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (c) To engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, *in connection with the purchase or sale of any security.*

17 C.F.R. section 240.10b–5 (emphasis added) ["Rule 10b–5"]. Defendants contend that the alleged misrepresentations by defendants did not occur "in connection with" the sale or purchase of securities.

Where, as in the present case, a section 10(b) and Rule 10b–5 claim is predicated on a misrepresentation of fact by the defendant, plaintiff must plead four items: (1) a security was sold or purchased by the plaintiff, *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 730–31, 95 S.Ct. 1917, 1922–23, 44 L.Ed.2d 539 (1975); (2) the proscribed conduct was intentionally committed by the defendant, *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 197, 96 S.Ct. 1375, 1383, 47 L.Ed.2d 668 (1976); the defendant committed the proscribed conduct "in connection with" the plaintiff's purchase or sale of a security, *Superintendent of Insurance v. Bankers Life & Casualty Co.*, 404 U.S. 6, 10, 92 S.Ct. 165, 168, 30 L.Ed.2d 128 (1971); and (4) causation in fact exists between the proscribed conduct committed by the defendant and the injury suffered by the plaintiff. *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 152–54, 92 S.Ct. 1456, 1471–72, 31 L.Ed.2d 741 (1972); *Globus v. Law Research Service, Inc.*, 418 F.2d 1276, 1292 (2d Cir.1969). To satisfy the fourth requirement, plaintiff must allege "transaction causation," *i.e.*, the commission of the proscribed conduct by defendant caused plaintiff's security transaction, and "loss causation," *i.e.*, the plaintiff's injury or loss was caused by such conduct of the defendant. *Schlick v. Penn-Dixie Cement Corp.*, 507 F.2d 374, 380 (2d Cir.1974), *cert. denied*, 421 U.S. 976 (1975).

The Second Circuit, in a recent decision, *Chemical Bank v. Arthur Andersen & Co.*, 726 F.2d 930, 943 (2d Cir.1984), discussed the issue whether misrepresentations or omissions involved in a security transaction but not pertaining to the securities themselves can form the basis of a violation of section 10(b) and Rule 10b–5. The Circuit Court ruled in the negative.

In *Chemical Bank v. Arthur Andersen & Co., supra*, four banks which had made loans to Frigitemp Corporation ["Frigitemp"] and its subsidiary Elsters, Inc. ["Elsters"], brought an action under section 10(b) and Rule 10b–5. The bank loans to Elsters were secured by a pledge of Elsters' stocks and were guaranteed by Frigitemp. The banks had relied upon the financial statement of Frigitemp in making this loan, and alleged in their action that these statements were false and misleading. Defendants moved to dismiss the action contending that any misrepresentations made with respect to Frigitemp were not made "in connection with" the pledge of Elsters' shares. In granting the motion to dismiss, Judge Friendly, writing for the Circuit Court, stated that the "in connection with" standard is to be "fleshed out by a cautious case-by-case approach." *Id.* at 942, quoting *Smallwood v. Pearl Brewing Co.*, 489 F.2d 579, 595 (5th Cir.1974), *cert. denied*, 419 U.S. 873 (1974). He noted that:

> The purpose of [section] 10(b) and Rule 10b–5 is to protect persons who are deceived in securities transactions—to make sure that buyers of securities get what they think they are getting and that sellers of securities are not tricked into parting with something for a price known to the buyer to be inadequate or for consideration known to the buyer not to be what it purports to be. Andersen is not alleged to have deceived the Banks with respect to the pledge of Elsters stock; the Banks got exactly what they expected. Their showing is simply that but for Andersen's description of Frigitemp they would not have renewed the Frigitemp loans or made the Elsters' loan which Frigitemp guaranteed, and that if they had not done this, there would have been no pledge of Elsters' stock. Such "but for" causation is not enough. The Act and Rule impose liability for a proscribed act in connection with the purchase or sale of a security; it is not sufficient to allege that a defendant has committed a proscribed act in a transaction of which the pledge of a security is a part.

*Id.* at 943.

Plaintiffs in this action allege that the misrepresentations defendant Jones made

concerning the first partnership induced them to invest in the second partnership. Moreover, they allege that the second partnership was, in essence, still a part of the first partnership since they were both established for identical purposes. But the complaint is devoid of any allegation sufficient to establish a causal nexus between the alleged misrepresentations of Mr. Jones and the formation of the second partnership or any additional investments in the first partnership. There are no allegations which indicate that Mr. Jones was aware that additional investments would be made shortly thereafter or that a second partnership would be formed. Plaintiffs, in defending against this motion to dismiss, have indicated that the parties at the time of the formation of the first partnership had an understanding that if the first partnership were successful, a second partnership would be formed. But this understanding is not set forth in the complaint.

Therefore, plaintiffs have failed to state a cause of action under section 10(b) and Rule 10b–5. Because there are no federal claims to be decided, the pendent state law claims cannot be heard by this court. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725–27, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966). Furthermore, it is not necessary to decide at this time whether this court may exercise pendent party jurisdiction over the state law claims of plaintiff Kimmco.

The deficiencies in the plaintiffs' pleadings, however, might be corrected by properly pleading the allegations they set forth in defense of this motion to dismiss. Accordingly, the court grants defendant's motion to dismiss the complaint without prejudice to the filing of an amended complaint within sixty days of the filing of this opinion.